UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEJA DASHANTE HARRISON                          CIVIL ACTION

VERSUS                                                          NO. 21-2310

VICI PROPERTIES, INC. ET AL.                    SECTION "R" (4)

**ORDER AND REASONS**

Before the Court is defendants Vici Properties, Inc. ("Vici") and
Caesars Entertainment, Inc.'s ("Caesars") motion to dismiss plaintiff Deja
Dashante Harrison's amended complaint for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff opposes the motion.[2] For
the following reasons, the Court grants defendants' motion.

I.      **BACKGROUND**

This case arises from the denial of entry into a hotel casino.  On October
4, 2021, plaintiff Deja Dashante Harrison, her brother, and her friend
checked into Harrah's hotel in New Orleans.[3]  At 5:00 a.m. the next morning,

---

[1]     R. Doc. 23.
[2]     R. Doc. 24.
[3]     R. Doc. 22 at 3 (Amended Complaint) ¶ 18.

the group visited the hotel's casino.[4]  Before entering the casino gaming area, a Harrah's host asked to see plaintiff's identification.[5]  After plaintiff gave the host her Louisiana driver's license and the host attempted to run the license through the ID scanner, the host told plaintiff that her license "did not scan," and that he had to call his manager to "verify her identification."[6]  While waiting for the manager, plaintiff gave the host her vaccination card.[7]

When the manager, "Corey Doe," arrived, he attempted to rescan plaintiff's driver's license, but the license again did not scan properly.[8]  At this point, plaintiff gave Corey her military identification card.[9]  Plaintiff asserts that, when Corey looked at her military ID, he "rudely, and condescendingly" told plaintiff that her ID was "fake," that it was not her card, and that "there [was] no way [she] made E-6 that quick."[10]  "E-6" refers the rank listed on plaintiff's military ID.  Corey thus refused to accept her military ID as a valid form of identification for admission into the casino, and allegedly "refused to even attempt to scan the [military] ID."[11]  Plaintiff

---

[4]     *Id.* ¶ 19.
[5]     *Id.* ¶ 20.
[6]     *Id.* ¶ 21.
[7]     *Id.* at 3-4 ¶ 22.
[8]     *Id.* at 4 ¶ 23.
[9]     *Id.* ¶ 26.
[10]    *Id.*
[11]    *Id.*

represents that she then "politely informed" Corey that she had recently been commissioned to a higher rank of second lieutenant.[12]  In response, Corey allegedly continued to question the authenticity of plaintiff's ID.[13]

Plaintiff asserts that, despite her "continuing [efforts] to verify both her driver's license and military ID," Corey refused to allow her to enter the casino, and "rudely and dismissively announced" that he was calling the police.[14]  After Corey allegedly represented that he called the police, plaintiff again told him that both her driver's license and military ID were authentic, at which point Corey asserted that plaintiff was trespassing.[15]  Plaintiff asserts that she then "patiently waited" in the casino lobby for two hours for the police, but that they never came.[16]  During her wait, plaintiff showed the host and another security guard her army paystub and a picture of her in uniform, which she represents were shared with Corey.[17]  Plaintiff states that, during this two-hour wait, she experienced "extreme distress," and was "in fear for her life as she was aware of the many false arrest, excessive force[,] and police brutality incidents occurring throughout the country against

---

[12]    *Id.* at 5 ¶ 34.
[13]    *Id.* ¶ 35.
[14]    *Id.* at 5-6 ¶¶ 37-38.
[15]    *Id.* at 6 ¶¶ 39-40.
[16]    *Id.* ¶ 41.
[17]    *Id.* ¶¶ 42-43.

African Americans."[18]  After two hours, the host informed plaintiff that he did not believe the police were coming, and plaintiff told Corey that she was leaving and was going to file a police report, to which Corey "aggressively replied, 'don't forget the case number.'"[19]

On November 15, 2021, plaintiff filed suit in Louisiana state court against Vici, the entity that owns Harrah's casino, and Caesars, the company that operates and manages the hotel and casino in New Orleans.[20]  Plaintiff also sued Corey Doe as the "security officer/manager at [Harrah']s" who she alleges "bears responsibility in his official capacity as security officer/manager for administering, monitoring, maintaining[,] and securing the gaming facility."[21]  In her petition for damages, plaintiff alleges that she was denied entry into Harrah's "due to her sex (gender), race, and military status," and was "falsely accused of acting fraudulently, and subjected to unjustified detainment, as well as emotional and psychological distress."[22]  She brought discrimination claims under La. Rev. Stat. § 51:2247 and La. Rev. Stat. § 49:146.[23]  She also brought claims for intentional infliction of

---

[18]     *Id.* ¶ 44.
[19]     *Id.* at 7 ¶¶ 46-47.
[20]     R. Doc. 1-2 at 3 (Complaint) ¶¶ 5-8.
[21]     *Id.* ¶ 8.
[22]     *Id.* ¶ 4.
[23]     *Id.* at 8-10 ¶¶ 45-63.

emotional distress and false imprisonment.[24]   On December 16, 2021,

defendants removed the case to federal court based on diversity

jurisdiction.[25]

On January 27, 2022, defendants moved to dismiss plaintiff's

complaint for failure to state a claim.[26]  Plaintiff opposed the motion.[27]  On

May 10, 2022, the Court dismissed plaintiff's complaint on the grounds that

plaintiff's allegations of discrimination were conclusory and did not rise

above the level of speculation.[28]  The Court granted plaintiff leave to amend

her complaint.[29]

On May 31, 2022, plaintiff filed an amended complaint.[30]  The factual

allegations in the amended complaint largely mirror those in the original

complaint, except that in the amended complaint, plaintiff alleges, upon

information and belief, that Harrah's "has a practice of denying black patrons

---

[24]     *Id.* at 10-12 ¶¶ 64-80.

[25]     R. Doc. 1.

[26]     R. Doc. 9-1 at 5.

[27]     R. Doc. 17 at 1-2.

[28]     *E.g.*, R. Doc. 21 at 13.  The Court also dismissed plaintiff's claim for false imprisonment on the grounds that plaintiff failed to plausibly allege she had been detained.  *Id.* at 18.  It dismissed her claim for intentional infliction of emotional distress because the alleged conduct was not sufficiently "extreme and outrageous" to state a claim for intentional infliction of emotional distress.  *Id.* at 19.

[29]     *Id.* at 20-21.

[30]     R. Doc. 22 (Amended Complaint).

access to the casino for arbitrary and capricious reasons."[31]  In particular, she alleges that in November 2019, a black woman showed her "real and valid ID" to a Harrah's employee.[32]  In response, the Harrah's employee allegedly asked the woman to sign her name, and then denied the woman entry to Harrah's because the signature did not match the one on the ID, and "the photograph was not of the woman."[33]  The Harrah's employee allegedly refused to look at the woman's work ID or credit card to verify her identity.[34] Plaintiff also alleges that on January 1, 2020, a Harrah's guard "accused a black male patron of selling something at the casino without any evidence or justification" and banned him from the premises on that basis.[35]  Plaintiff asserts, upon information and belief, that "black patrons have complained to [Harrah's] about the discriminatory treatment."[36]

In her amended complaint, plaintiff brings discrimination claims under La. Rev. Stat. § 51:2247, La. Rev. Stat. § 49:146, and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (Title II).[37]  Defendants moved to

---

[31]    *Id.* at 4 ¶ 29.

[32]    *Id.* at 5 ¶ 30.

[33]    *Id.*

[34]    *Id.*

[35]    *Id.* ¶ 31.

[36]    *Id.* ¶ 32.

[37]    *Id.* at 8-11 ¶¶ 52-82.  Plaintiff's amended complaint does not include claims for false imprisonment or intentional infliction of emotional distress.

6

dismiss plaintiff's amended complaint on the grounds that she "does not set forth sufficient facts to support her claims, and the facts [p]laintiff properly alleges do not entitle her to relief against [d]efendants."[38]  Plaintiff opposes the motion, asserting that she was denied entry into Harrah's "predicated on [her] appearance alone."[39]  She also contends that she has plausibly alleged a "pattern or practice" of discrimination at Harrah's based on her allegations that other African Americans experienced discriminatory treatment there.[40]  Plaintiff requests leave to amend in the event the Court grants defendants' motion.[41]  The Court considers the parties' arguments below.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court

---

[38]    R. Doc. 23.
[39]    R. Doc. 24 at 1.
[40]    *Id.* at 1-2.
[41]    *Id.* at 2.

must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III.   DISCUSSION

### A.   La. Rev. Stat. § 51:2247

Plaintiff has realleged a claim for discrimination under the Louisiana Human Rights Act ("LHRA").[42]  *See* La. Rev. Stat. § 51:2231, *et seq.*  The

---

[42]   R. Doc. 22 at 8-9 (Amended Complaint) ¶¶ 52-62.

statute provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, . . . on the grounds of . . . race [or] . . . sex." La. Rev. Stat. § 51:2247. "Place of public accommodation, resort, or amusement" is defined as "any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public, or which is supported directly or indirectly by government funds." La. Rev. Stat. § 51:2232(9).[43] The statute defines "[d]iscriminatory practice in connection with public accommodations" as "any direct or indirect act or practice of exclusion, distinction, restriction, segregation, limitation, refusal, denial, or any other act or practice of differentiation or preference in the treatment of a person or persons because of race . . . [or] sex." La. Rev. Stat. § 51:2232(5).

At issue is whether plaintiff plausibly alleges that Harrah's discriminated against her. Because of the limited case law interpreting the

---

[43]   As the Court held in its May 10, 2022 Order and Reasons, Harrah's, which includes a casino, hotel, and restaurant, all of which supply goods and service to the general public and accept patronage from the general public, qualifies as a public accommodation under the LHRA. R. Doc. 21 at 8.

LHRA's definition of "discriminatory practice," courts have looked to federal antidiscrimination statutes to interpret the scope of the LHRA. *See, e.g.*, *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F. Supp. 3d 208, 216 (E.D. La. 2019); *Smith v. Bd. of Comm. of La. Stadium & Exposition Dist.*, 385 F. Supp. 3d 491, 506-08 (E.D. La. 2019), *aff'd in part, vacated in part sub nom. Smith v. France*, 850 F. App'x 243, 248 (5th Cir. 2021) (per curiam) (noting that the "Louisiana Human Rights Act explicitly references federal antidiscrimination law in its statement [of purpose] . . . so it is reasonable to look to Title III for guidance").

Given that the Fifth Circuit has noted that La. Rev. Stat. § 51:2247 "is substantively similar to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)," *Semien v. Pizza Hut of Am., Inc.*, 204 F.3d 1115, 1115 (5th Cir. 1999) (per curiam), which also prohibits discrimination in places of public accommodation, the Court looks to Title II as a reference for determining whether defendants' actions constituted a "discriminatory practice" under the LHRA.

Title II claims may be proved by direct or circumstantial evidence. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 349 (5th Cir. 2008). Here, there are no factual allegations of direct evidence of race or sex discrimination. Plaintiff does not allege that Corey, or any other defendant,

made any reference to plaintiff's race or gender.  Absent direct evidence, plaintiff instead must allege that there is circumstantial evidence that would plausibly support a claim of discrimination.  *See D'Aquin v. Starwood Hotels & Worldwide Props., Inc.*, No. 15-1963, 2015 WL 5254735, *2-3 (E.D. La. Sept. 8, 2015).

The Court finds that plaintiff has failed to do so here.  Plaintiff states that she was denied entry into Harrah's even though she presented a military ID (which was admittedly outdated).[44]  Based on this encounter, plaintiff concludes that Corey's "dismissive treatment towards her was based on the stereotyped, biased view that a black female, with a youthful appearance, could not be a ranked Officer in the military."[45]

After drawing all reasonable inferences in favor of the plaintiff, the Court finds that plaintiff's amended complaint suffers the same deficiencies as her original complaint.  Plaintiff has not alleged any non-conclusory facts that connect Corey's statements that her military ID was "fake" and that "there [was] no way [she] made E-6 that quick" to plaintiff's race or gender.[46]  Her allegation that defendants' conduct was "based on her race and sex as an African American female" fails to rise above the level of speculation.  *See*

---

[44]   R. Doc. 22 (Amended Complaint) at 4 ¶ 26.
[45]   *Id.* at 5 ¶ 33.
[46]   *Id.* at 4 ¶ 26.

*Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Plaintiff asserts that the Court can infer discrimination from Corey's refusal to "even attempt" to scan her military ID,[47] but fails to allege facts connecting his refusal to scan the ID to her race or gender.

Plaintiff's attempt to rely on "pattern-or-practice" allegations of discrimination likewise fails.[48]  As an initial matter, the Fifth Circuit has made clear that in the context of Title VII, "the pattern-or-practice method of proving discrimination is unavailable in a private, non-class action." *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 407-08 (5th Cir. 2016). The Fifth Circuit has not indicated whether that rule extends to Title II claims, but even if it does not, plaintiff has failed to plausibly allege that Harrah's has a pattern or practice of discrimination.  In the context of discrimination claims brought under the Fair Housing Act, the Fifth Circuit clarified that although "no mathematical formula is workable," and "[e]ach case must turn on its own facts," the term "pattern or practice" was "intended to encompass more than an isolated or peculiar event."  *U.S. v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 123-24 (5th Cir. 1973) (internal

---

[47]    *Id.*
[48]    *Id.* at 8.

quotation marks omitted).[49]  The same is true for pattern-or-practice claims brought under Title II and Title VII.  *See, e.g.*, *United States v. Jarrah*, No. 4:16-02906, 2017 WL 1048123, at *2 (S.D. Tex. Mar. 20, 2017) (noting "there is no specific number of incidents required to form a pattern or practice," but it requires "more than mere occurrence of isolated or accidental or sporadic discriminatory acts" (internal quotation marks omitted)); *EEOC v. Bass Pro Outdoor World, LLC*, 826 F.3d 791, 801 (5th Cir. 2016) ("[P]attern or practice suits characteristically involve allegations of discrimination on a large scale.").

At most, plaintiff's allegations of Harrah's discriminating against African Americans on two previous occasions identify "isolated . . . or sporadic discriminatory acts." *Jarrah*, 2017 WL 1048123, at *2.  Further, only one of those incidents—Harrah's alleged refusal to accept the valid ID of an African American woman—resembles the alleged discrimination at issue.[50]  Plaintiff's allegation that an African American man was once improperly removed from Harrah's for allegedly selling something there[51]

---

[49]  In *Bob Lawrence*, the Court observed that at least one other court has considered evidence of three incidents sufficient to establish a "pattern or practice." *Id.* at 124. As discussed *infra*, however, plaintiff's amended complaint fails to plausibly allege even three similar incidents that indicate a pattern or practice.

[50]  R. Doc. 22 at 4 (Amended Complaint) ¶ 30.

[51]  *Id.* ¶ 31.

does not support a pattern or practice of Harrah's denying access to members of plaintiff's protected class with valid IDs.  *See Carpenter v. Webre*, No. 17-808, 2018 WL 1453201, at *13 (E.D. La. Mar. 23, 2018) (in the context of a § 1983 claim, to establish a pattern, a plaintiff must "allege a sufficient number of similar violations of their own rights").

In sum, the Court finds that plaintiff has not set forth any plausible allegations that defendants have engaged in a discriminatory practice. Without more factual content, her allegations of discrimination are purely conclusory, and do not rise above the level of speculation necessary to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 545.


**B.    Title II of the Civil Rights Act of 1964**

Plaintiff also brings a claim for discrimination under Title II.  Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, . . . without discrimination or segregation on the ground of race, color, religion, or national origin."  42

14

U.S.C. § 2000a(a).    For the reasons discussed in Section III.A, *supra*, plaintiff has failed to state a claim under Title II.[52]


### C.    La. Rev. Stat. § 49:146

Finally, plaintiff alleges that defendants discriminated against her on the basis of her race and sex in violation of Louisiana Revised Statute § 49:146.[53] Louisiana Revised Statute § 49:146 states that:

> (1) In access to public areas, public accommodations, and public facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical or mental disability.

> (2) For purposes of this Section, a public facility is defined as any publicly or privately owned property in which the general public has access as invitees and shall include such facilities open to the public as hotels, motels, restaurants, cafes, barrooms, and places or entertainment or recreation . . . .

---

[52]    Defendants contend that plaintiff's Title II claim is premature under 42 U.S.C. § 2000a-3(c), which requires litigants to give notice to a state or local authority, where one exists, of discrimination at least 30 days before filing a civil action.  R. Doc. 23-1 at 8.  Plaintiff represents that since defendants filed their motion, plaintiff has filed a complaint with the Louisiana Commission on Human Rights, and 30 days have expired, thereby curing the defect.  R. Doc. 24 at 6.

[53]    R. Doc. 22 at 9-10 (Amended Complaint) ¶¶ 63-71.

La. Rev. Stat. § 49:146.[54]  "Access means the ability to enter . . . [to] pass to and from . . . to obtain or make use of." *Robertson v. Burger King, Inc.*, 848 F. Supp. 78, 81 (E.D. La. 1994) (quoting *Becnel v. City Stores Co.*, 675 F.2d 731, 734 (5th Cir. 1982) (citation omitted)).

In analyzing claims under section 49:146, courts have assessed whether a "public area, accommodation or facility has a *policy* of discrimination that is arbitrary, capricious or unreasonable." *Pullins v. Bank*, No. 19-00006, 2020 WL 1450560, at *7 (M.D. La. Mar. 25, 2020) (citing *Albright v. S. Trace Country Club of Shreveport, Inc.*, 879 So.2d 121, 139 (La. 2004); *see also Bascle v. Parish*, No. 12-1926, 2013 WL 4434911, at *7 (E.D. La. Aug. 14, 2013) ("Because Plaintiffs fail to meet their burden of even showing that there is a policy in place, much less one that is arbitrary, capricious, or unreasonable, Plaintiffs claims under . . . Louisiana Revised Statute Section 49: 1[4]6 are dismissed.").  The party alleging a policy or practice in violation of section 49:146 bears the burden of establishing by a preponderance of the evidence that the challenged policy or practice is arbitrary, capricious, or unreasonable.  *Id.*

---

[54]    As discussed in this Court's May 10, 2022 Order and Reasons, Harrah's constitutes a "public facility" for purposes of La. Rev. Stat. § 49:146.

Plaintiff has failed to plausibly allege the existence of a policy or practice of discrimination.  Although she makes the conclusory allegation that Harrah's has a practice of arbitrarily denying entry to the casino or enjoyment of its amenities on the basis of race, the only specific facts she alleges in support of this proposition are the statements that one African American woman's valid ID was not accepted in November of 2019, and one African American man was falsely accused of selling something at Harrah's in January of 2020.[55]  As discussed in Section III.A, *supra*, these allegations are insufficient to plausibly allege the existence of a discriminatory policy or practice at Harrah's.

Plaintiff notes that the statute does not expressly mention a policy of discrimination; rather, it broadly prohibits "discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical or mental disability" in places of public accommodation.[56]  But plaintiff's complaint specifically relies on the allegation of the existence of a "practice" of denying access based on race. As the Court has held, the absence of sufficient factual allegations dooms this assertion.  To the extent that plaintiff relies on allegations that defendants

---

[55]   R. Doc. 22 at 4-5 (Amended Complaint) ¶¶ 29-31.
[56]   R. Doc. 24 at 11.

denied *her* entry based on race or gender, for the reasons described in Section III.A, *supra*, these allegations are too conclusory to state a claim. Accordingly, the Court dismisses plaintiff's claim under Louisiana Revised Statute § 49:146. [57]

### D.   Leave to Amend

Plaintiff requests that, in the event that the Court grants defendants' motion to dismiss, she be given leave to amend her complaint to allege facts sufficient to support her claims.[58]  Defendants oppose this request.[59]

The Court should "freely give" leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  "Among the permissible bases for denial of a motion to amend are . . . repeated failure to cure deficiencies by amendments previously allowed, . . . [and] futility of amendment."  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005).  The Court finds that, in light of plaintiff's failure to plausibly allege discrimination in her amended complaint, granting

---

[57]   Defendants also contend that plaintiff's claims against defendant Vici Properties Inc. are improper because there are no allegations that Vici controlled the employees, policies, or practices of the casino.  R. Doc. 23-1 at 19.  Because all of plaintiff's claims are dismissed, the Court need not reach this issue.

[58]   R. Doc. 24 at 13.

[59]   R. Doc. 23 at 19.

leave to amend a second time would likely be futile.  The Court therefore

dismisses plaintiff's amended complaint with prejudice.[60]


**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to

dismiss, and dismisses plaintiff's amended complaint WITH PREJUDICE.


New Orleans, Louisiana, this  22nd  day of August, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[60]     Defendants also request costs and attorney's fees.  R. Doc. 23-1 at 2.
The Court finds that plaintiff's claims are not so "frivolous" or
"unreasonable" to warrant such an order in this case.  *Provensal v.
Gaspard*, 524 Fed. App'x. 974, 976 (5th Cir. 2013).

19